**Jean C. BARROWS, Individually and as Executrix of the Estate of Chester B. Barrows, Plaintiff**

**v.**

**Thomas R. ROBSON and By Bread Baking Company, Defendants**

**No. Civ.A. 97–12249–REK.**

United States District Court, D. Massachusetts.

Dec. 23, 1997.

Roland Segalini, Jr., Segalini & Neville, Waltham, MA, for Jean C. Barrows, Individ-

ually and Executrix of the Estate of Chester B. Barrows, plaintiff.

Daniel P. Gibson, Michael L. Mahoney, Gibson & Behman, Burlington, MA, for Thomas R. Robson, My Bread Baking Company, defendants.

## Opinion

KEETON, District Judge.

Plaintiff filed a six count complaint (Docket No. 1) with this court on October 6, 1997, alleging wrongful death, conscious pain and suffering, and personal injury. All counts represented claims based on state law.

The suit arose out of an accident that occurred on August 24, 1996, when a truck owned by defendant My Baking Bread Company, and driven by defendant Thomas R. Robson, collided with the car that plaintiff Jean Barrows was operating. The accident resulted in the death of her husband, Chester Barrows.

Jean Barrows is currently, and was at the time of filing this suit, a resident of Acton, Massachusetts. Defendant Robson is a resident of Warwick, Rhode Island. My Baking Bread Company is a Missouri corporation.

As all of the plaintiff's claims are made under state law, no federal question jurisdiction exists under 28 U.S.C. § 1331 (granting federal courts jurisdiction for "all civil actions arising under the Constitution, laws, or treaties of the United States.") Plaintiff's complaint (Docket No. 1) asserts that this court has jurisdiction under 28 U.S.C. § 1332 based on the diversity of citizenship of the parties in this case.

Section 1332 declares that federal district courts have original jurisdiction when the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Another provision declares that a corporation is to be treated as a citizen of any state in which it is incorporated (in this case Missouri), and of the state in which it has its principal place of business. *Id.* § 1332(c).

■ In order to establish federal diversity jurisdiction, the diversity of citizenship must be complete. In a two-sided case, every party on one side of the litigation must not be a resident of the same state as any party on the other side of the litigation. At least when the lack of complete diversity of citizenship comes to the district court is attention at an early stage of litigation, dismissal for want of jurisdiction is appropriate. *See* 13B Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, *Federal Practice and Procedure* § 3605 (2d ed.1984); *see also Caterpillar, Inc. v. Lewis,* 579 U.S. 61, ——, 117 S.Ct. 467, 472, 136 L.Ed.2d 437 (1996); *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

■ The complaint in this case alleged that the My Baking Bread Company is a corporation with its principal place of business in Rhode Island (Docket No. 1 at p. 1). In contrast, the Joint Scheduling Conference Memorandum (filed in open court on December 22, 1997 at p. 1) indicated that My Bread Baking Company is a Massachusetts corporation. This discrepancy led the court to question whether complete diversity exists.

A copy of the Foreign Corporation Certificate of My Baking Bread Company, filed in open court at a second hearing on December 22, 1997, shows that in 1982 a Massachusetts corporation of the same name was merged into a newly created corporation of the state of Missouri, and that the new corporation filed immediately with the Secretary of the Commonwealth of Massachusetts to obtain a Foreign Corporation Certificate indicating a Massachusetts business location in New Bedford, Massachusetts.

During the second hearing, defense counsel orally represented that the principal place of business, and the location of officers with whom he has been conferring about this litigation, is in New Bedford, Massachusetts. Nothing to the contrary appears of record in this case.

On the record before me, I find that the plaintiff and one of the defendants are, for the purpose of determining diversity jurisdiction, citizens of Massachusetts.

I need not and do not consider whether, as to its source in authority binding on this court, the jurisdictional defect in this case is founded in the Constitution of the United

States, or in statute, or in precedent. In any event, in the circumstances of this case, the appropriate order is dismissal for want of subject-matter jurisdiction. The lack of complete diversity has come to the attention of the court at an early stage of the litigation. Dismissal will not substantially increase either the costs borne by the parties or adverse consequences of any other kind, nor will dismissal result in a waste of judicial resources. The dismissal is, of course, not a decision on the merits. It is without prejudice and does not preclude the plaintiff from filing a similar action in state court.

### Order

For the foregoing reasons, it is hereby ORDERED:

The Clerk is directed to enter on a separate document a final judgment as follows:

For the reasons stated in the Opinion of this date, it is ORDERED:

This civil action is DISMISSED without prejudice for want of subject-matter jurisdiction.